**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

**Christopher Cox,
Petitioner Below, Petitioner**

**vs.)  No. 21-0251** (Fayette County 18-C-161)

**Donnie Ames, Superintendent,
Mt. Olive Correctional Complex,
Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Christopher Cox, by counsel Joseph A. Curia, appeals the Circuit Court of Fayette County's February 24, 2021, order denying his petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, by counsel Patrick Morrisey and Mary Beth Niday, filed a response. Petitioner argues that the habeas court erred in finding that his trial counsel was not ineffective and that his constitutional rights were not violated when he was required to wear a stun belt during his trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2011, petitioner was an inmate serving time at Mt. Olive Correctional Complex upon a conviction for second-degree murder and robbery. On September 24, 2011, petitioner and another inmate, Joseph Braddock, were talking in the recreational yard of the prison. A correctional officer called to Mr. Braddock to come off the recreational yard. When Mr. Braddock turned to leave, petitioner hit him in the head. Mr. Braddock fell to the ground and petitioner then kicked and stomped him. Mr. Braddock died as a result of a brain injury he sustained in this incident.

At trial, held in April and May of 2013, petitioner was required to wear a stun belt beneath his clothes given that he had previously been convicted of murder, was charged with murder in the instant case, and was charged with malicious assault and attempted murder in a simultaneous, unrelated case. The State's evidence in the instant case consisted of medical testimony and a video recording of the incident. Petitioner presented the testimony of five inmates, all of whom were

1

required to testify via videoconferencing from the Mt. Olive Correctional Complex, over petitioner's objection. The inmate witnesses wore prison attire and were shackled or restrained in some way during their testimony. At the conclusion of the trial, petitioner was convicted of first-degree murder without a recommendation of mercy.

Petitioner appealed his conviction to this Court. Relevant to this appeal, petitioner argued that the trial court committed plain error when it allowed his inmate witnesses to testify in prison attire and shackles. *See State v. Cox*, No. 13-0778, 2014 WL 4930264, at *2 (W. Va. Oct. 2, 2014) (memorandum decision). We held that petitioner was not entitled to relief because he had not requested that his inmate witnesses be permitted to testify in civilian clothes and unshackled, and it was his burden to do so. *Id.* at *4.

Following our decision, petitioner, with the assistance of counsel, filed an amended petition for a writ of habeas corpus in November of 2019. The circuit court held an omnibus hearing on the petition in August of 2020. Relevant to this appeal, petitioner argued that his constitutional right to be free from restraint during the trial was violated and that his counsel was ineffective for failing to object to his witnesses wearing prison attire and being restrained. Petitioner's trial counsel testified that petitioner was required to wear a stun belt for the entirety of the trial, but that it was underneath his clothes and not visible to anyone who looked at him. Trial counsel also testified that the inmate witnesses did, in fact, testify in prison attire and were restrained. Trial counsel stated that he had requested that the inmates be transported to the hearing, but that his request was denied because most of the inmates had been convicted of violent felonies and he "did not have a lot of control over the situation after that." Trial counsel acknowledged that the correctional officers testifying on the State's behalf were wearing uniforms or civilian clothes during their testimony.

Petitioner testified that his defense witnesses were dressed in prison attire and were restrained during their testimony. He further stated that the State's witnesses were dressed in civilian clothes. Petitioner denied that the stun belt he was required to wear was not visible, stating that the belt "was visible due to the way it stuck out on the sides. It would be like a quarterback wearing rib cage protection." Petitioner believed that the jury "could tell [he was] wearing something."

By order entered on February 23, 2021, the habeas court denied petitioner's petition for a writ of habeas corpus. The habeas court found that petitioner failed to demonstrate that his constitutional right to be free from restraints was violated. The habeas court first noted that petitioner had previously raised this claim under the guise of an ineffective assistance of counsel argument in a prior habeas petition, which was summarily denied.[1] The habeas court found that petitioner was attempting to raise the same claim "with slightly different nuances in an attempt to circumvent the basis the [habeas c]ourt previously denied habeas relief upon the claim." The habeas court acknowledged that a criminal defendant typically has the right to be tried free of physical restraints, "absent some necessity relating to courtroom security or order." Syl. Pt. 2, *State v. Youngblood*, 217 W. Va. 535, 618 S.E.2d 544 (2005). The habeas court noted that the use of

---

[1]It is not apparent from the record when this first habeas petition was filed or what issues were raised.

physical restraints or other security precautions may be warranted in certain circumstances "where the safety of the participants and the public would otherwise be compromised." *Id.* at 544, 618 S.E.2d at 553. The habeas court found that, here, petitioner was incarcerated for his conviction of second-degree murder and second-degree robbery, was charged and going to trial for murder; and was, at the same time, charged in an unrelated matter with malicious assault and attempted murder. The court found that, based on those facts alone, petitioner posed a substantial risk to the court personnel, the jury, and spectators, and the court was within its discretion to require petitioner to wear a stun belt to guard against flight and ensure the safety of those present in the courtroom. In any event, trial counsel testified that the stun belt was under petitioner's clothes and was not visible to the jury, and, indeed, petitioner conceded that the stun belt was underneath his clothes. While petitioner argued that the stun belt was visible due to bulkiness, the habeas court found that his "claim cannot be salvaged by speculation" and even if the jury could tell that petitioner was wearing something, petitioner is "simply unable to show that this in any way prejudiced the jury toward the Petitioner." Accordingly, the habeas court found that petitioner was not entitled to habeas relief upon this claim.

The habeas court likewise found that petitioner was not entitled to relief on his claim of ineffective assistance of counsel. The habeas court noted that "[a] criminal defendant has no constitutional right to have his witnesses appear at trial without physical restraints or in civilian attire." Syl. Pt. 3, *State ex rel. McMannis v. Mohn*, 163 W. Va. 129, 254 S.E.2d 805 (1979). The court noted that, in his petition, petitioner relied heavily on this Court's holding in *Gibson v. McBride*, 222 W. Va. 194, 663 S.E.2d 648 (2008), wherein we held that a petitioner was entitled to habeas relief where the State's inmate witnesses were permitted to testify in civilian clothes and unshackled while the petitioner's inmate witnesses testified in prison attire and shackled. The habeas court found that, unlike in *Gibson*, there were no inmate witnesses for the State in petitioner's case that were dressed in civilian clothes and unshackled while petitioner's witnesses remained shackled and in prison attire. The habeas court further found that it was "abundantly clear to the jury that the crime occurred inside a tightly controlled correctional environment between inmates; a fact that could not be diluted or otherwise obscured." Both the State and trial counsel referenced in their opening and closing statements that the offense occurred between inmates in a correctional facility. Additionally, the jurors were questioned during voir dire about whether they would place less weight upon an inmate's testimony, and the trial court instructed the jury on two separate occasions that the jury was not to weigh their testimony differently simply because of their status as inmates. As such, the habeas court found that the "mere nature of the offense and circumstances made it literally impossible for the jury to be unaware that this incident involved a victim, accused, and witnesses who were incarcerated." Given the overall circumstances, the habeas court found that it was highly unlikely that the jury placed any emphasis on the fact that the inmate witnesses testified "in a manner that was consistent with their incarceration" and that petitioner failed to prove that he was prejudiced in any way by his trial counsel's failure to move for petitioner's witnesses to appear unshackled and in civilian clothing. Thus, the habeas court denied petitioner relief on this claim. Petitioner now appeals the court's February 24, 2021, order denying him habeas relief.

On appeal, petitioner first argues that his counsel was ineffective when he failed to appropriately object to the appearance of petitioner's witnesses in prison attire and shackles. Petitioner states that although it was within his trial counsel's purview make the strategic decision

to pursue a self-defense theory, he disputes his trial counsel's "effectiveness in pursuing those theories." Specifically, petitioner avers that the credibility of his witnesses was crucial to his strategy of establishing self-defense, or a lesser included offense. Essentially, his conviction hinged upon the credibility of the correctional officer's testimony versus the credibility of the inmates' testimony, and that the inmates' clothing and restraints made it "not a fair fight." Petitioner argues that "[t]he jury is necessarily prejudiced against someone appearing in restraints as being in the opinion of the judge a dangerous man, and one not to be trusted, even under the surveillance of officers." *State v. Allah Jamaal W.*, 209 W. Va. 1, 8, 543 S.E.2d 282, 289 (2000). He further argues that it is a defense attorney's duty to make arrangements for the witnesses to appear in civilian attire and unshackled. *See McMannis*, 163 W. Va. at 137 n.3, 254 S.E.2d at 809 n.3.

Petitioner relies upon this Court's decision in *Gibson*, which, as we noted above, involved affirmation of a circuit court's decision to afford a criminal defendant habeas relief where his incarcerated witnesses appeared in prison attire and shackles while the State's incarcerated witnesses appeared in civilian clothes. *Gibson*, 222 W. Va. at 199, 663 S.E.2d at 653. We held that the "drastic contrast in the physical appearance of the parties' incarcerated witnesses—each of whom provided crucial testimony at trial—unfairly influenced the jury's judgment of the witnesses' credibility." *Id.* at 201, 663 S.E.2d at 655. Petitioner claims that, as in *Gibson*, the testimony being elicited from his witnesses was the "most crucial" to petitioner's theory of the case, and the fact that the witnesses were shackled would undeniably draw the jury's attention. Petitioner contends that because his counsel failed to move the circuit court to allow his witnesses to appear in civilian clothes and unshackled, he was provided ineffective assistance of counsel and was unfairly prejudiced as a result.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

Regarding claims of ineffective assistance of counsel, we held that

> [i]n the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

4

Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). Lastly, "[f]ailure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *Id.* at 17, 528 S.E.2d at 213 (citing *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 321, 465 S.E.2d 416, 423 (1995)).

Skipping to the second prong of *Strickland/Miller*, we find that petitioner fails to demonstrate that there is a reasonable probability that, absent any alleged error on his trial counsel's part, the jury would have reached a different result. As we noted above, it is undisputed that petitioner's counsel did not move the circuit court to permit petitioner's inmate witnesses to wear civilian clothing and remain unshackled during their testimony. However, even if we assume that trial counsel's failure to make this request was deficient under an objective standard of reasonableness, we cannot find that there is substantial evidence that the result of petitioner's trial would have been different if counsel had made the request. Indeed, we touched on this issue in petitioner's direct appeal and found that

> even assuming, arguendo, that this Court found an error [with the inmate witnesses being shackled and wearing prison attire], that error would neither have affected Petitioner's "substantial rights" nor seriously affected the fairness of the judicial proceedings given that the crime occurred in a prison and involved the prison environment. . . . The jurors knew during the entire course of the trial that Petitioner and his witnesses were prison inmates whether they were dressed in prison garb and shackles or not.

*Cox*, 2014 WL 4930264, at *4. While petitioner now raises his argument in the context of an ineffective assistance of counsel claim, our finding remains unchanged. Petitioner's substantial rights were not affected, nor was the judicial proceeding seriously affected. The jurors knew that the murder occurred within a correctional facility and that petitioner and his witnesses were inmates. In fact, the inmates testified from within the Mt. Olive Correctional Complex. As such, knowledge of the fact that petitioner's witnesses were inmates was unavoidable for the jury. Further, the circuit court twice instructed the jury regarding this issue. Although petitioner likens his case to *Gibson*, this Court limited its findings in *Gibson* to the unique situation presented there. Unlike in *Gibson*, the State in petitioner's case did not present any inmate witnesses who were permitted to wear civilian clothes while petitioner's witnesses remained in prison garb and, as such, that case is distinguishable from the case at bar. Simply put, "[a] criminal defendant has no constitutional right to have his witnesses appear at trial without physical restraints or in civilian attire." Syl. Pt. 3, *State ex rel. McMannis v. Mohn*, 163 W. Va. 129, 254 S.E.2d 805 (1979). Under the circumstances of this case, we cannot find that petitioner is entitled to relief as he has failed to demonstrate that he was prejudiced by his trial counsel's failure to move the circuit court to permit his witnesses to testify in civilian clothing and unrestrained.

Petitioner next argues that the habeas court erred in finding that petitioner's right to be free from restraints during his trial was not violated when he was forced to wear a stun belt under his clothing. Petitioner notes that a criminal defendant has the right to be tried free of physical restraints and claims that the stun belt was visible during the trial. As such, petitioner avers that he was not appropriately tried free of physical restraints and that the habeas court erred in finding otherwise.

Petitioner is correct that "[a] criminal defendant has the right, absent some necessity relating to courtroom security or order, to be tried free of physical restraints." *Youngblood*, 217 W. Va. at 538, 618 S.E.2d at 547, Syl. Pt. 2 (citation omitted). Here, the habeas court found that petitioner posed a risk to the jury and others in the courtroom as he was incarcerated for his conviction of second-degree murder and second-degree robbery; was charged and on trial for murder; and was, at the same time, charged in an unrelated matter with malicious assault and attempted murder. As such, there was a valid concern for courtroom security that warranted petitioner's restraint during the trial. In any event, petitioner fails to demonstrate that his stun belt was visible during the trial or prejudiced him in any way. Petitioner's trial counsel testified that the stun belt was not visible beneath petitioner's clothes, and petitioner admitted that the stun belt remained beneath his clothes during the trial. His claim that the jury would have been able to see the stun belt due to its bulkiness is unsupported by evidence other than petitioner's speculative, self-serving testimony. Accordingly, we find that petitioner is entitled to no relief in this regard as the circuit court was within its discretion to require petitioner to wear the stun belt. Lastly, there was no clear error in the habeas court's finding that the belt was sufficiently hidden from the jury. *See* Syl. Pt. 1, *Antsey*, 237 W. Va. at 411, 787 S.E.2d at 864 (observing that a habeas court's factual findings are reviewed under a clearly erroneous standard).

For the foregoing reasons, we affirm the circuit court's February 24, 2021, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** August 31, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn